IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHARMANE SMITH, | : |
| Plaintiff, | : |
| v. | : Civ. No. 19-2164-RGA |
| COMENITY BANK, | : |
| Defendant. | : |

**MEMORANDUM**

1. **Background.** Plaintiff Charmane Smith, who appears *pro se* and has been granted leave to proceed *in forma pauperis,* filed this action on November 20, 2019. (D.I. 2). It is related to an action Plaintiff removed to this Court on December 16, 2016, *Portfolio Recovery Assoc. v. Smith*, Case ID 1831787, from the Shelby County General Sessions Court in Memphis, Tennessee. *See Comenity Bank v. Smith*, Civ. No.16-1229-RGA (D. Del.). On April 5, 2017, the Court remanded the matter to the General Sessions Court of Shelby County, Tennessee. (*See* Civ. No. 16-1229-RGA at D.I. 10, 11). The Court docket for Case ID 1831787 states the "event" was "dropped" on May 2, 2017. *See Portfolio Recovery Assoc. v. Smith*, Case ID 1831787 (May 2, 2017).

2. **Discussion.** Plaintiff asserts jurisdiction by reason of a federal question and diversity of the parties pursuant to 28 U.S.C. §§ 1331 and 1332. Plaintiff resides in Memphis, Tennessee, and it is alleged that Defendant Comenity Bank is incorporated in the State of Delaware. The instant complaint alleges fraud on the court, false and/or negligent misrepresentation, false representation of facts, breach of contract, legal/professional misconduct, and violations of 18 U.S.C. § 1346. Plaintiff alleges that

1

she was sued by Comenity in Case ID 1831787 for a debt she did not owe it. Plaintiff alleges that Comenity's attorney, Timothy L. Edington, orally agreed to settle the claim by filing a release document with the General Sessions Court of Shelby County stating that Plaintiff was not liable for the debt. Plaintiff alleges that Edington agreed in court to mail a settlement check to Plaintiff, and he did not send the check. Plaintiff seeks $100,000,000 in damages.

3. **Disqualification/Recusal**. Plaintiff filed a motion for my disqualification and recusal pursuant to 28 U.S.C. §§ 455 and 144. (D.I. 7). As discussed above, I presided over Civ. No. 16-1229-RGA, and remanded the matter to the General Sessions Court of Shelby County on April 5, 2017. Plaintiff contends that I improperly remanded the matter "with bias and prejudicially." (Id. at 1). Plaintiff alleges that I directed Clerk's Office personnel to enter two false entries on the court docket that include notice of mailing to Plaintiff notice, consent and referral forms.[1] Plaintiff alleges that the docket entries indicate an abuse of power, subornation of perjury, and destruction, alteration, or falsification of records in violation of 18 U.S.C. §§ 2(b), 1519, and 1622. (Id. at 2). It is asserted that I attempted to deny Plaintiff access to the court, procedural due process, and the right to a jury trial. (Id.).

4. Section 144 provides, "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein." Plaintiff did not submit an affidavit as is required under § 144. Moreover, it is evident Plaintiff is unhappy that I

---

[1] The docket sheet indicates the forms were mailed to the address provided by Plaintiff. The Clerk's Office makes the docket entry and mails the documents to parties as a

2

remanded her prior case. The Third Circuit has "repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal." *Securacomm Consulting, Inc. v. Securacom, Inc.*, 224 F.3d 273, 278 (3d Cir. 2000). Here, Plaintiff has not met the requirements of § 144, and therefore, the motion for recusal under 28 U.S.C. § 144 will be denied.

5.   Pursuant to 28 U.S.C. § 455(a), a judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for recusal under § 455(a) is whether a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned," *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004), not "whether a judge actually harbors bias against a party," *United States v. Kennedy*, 682 F.3d 244, 258 (3d Cir. 2012). Under § 455(b)(1), a judge is required to recuse himself "[w]here he has a personal bias or prejudice concerning a party."

6.   Under either subsection, the bias necessary to require recusal generally "must stem from a source outside of the official proceedings." *Liteky v. United States*, 510 U.S. 540, 554 (1994); *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004) (beliefs or opinions which merit recusal must involve an extrajudicial factor). Hence, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555.

7.   Again, it is evident Plaintiff takes exception and displeasure to the remand of the prior case. A reasonable, well-informed observer could not believe that my ruling was based on impartiality, bias, or actual prejudice. Nor would a reasonable person

matter of course.

believe that I was personally involved in the ministerial duties of Clerk's Office staff. Moreover, my rulings fail to demonstrate that I acted in any such manner when ruling in the previous case wherein Plaintiff is a party. After careful and deliberate consideration, I conclude that I have no actual bias or prejudice towards Plaintiff and that a reasonable, well-informed observer would not question my impartiality. In light of the foregoing standard, and after considering Plaintiff's assertions, I conclude that there are no grounds for my recusal under 28 U.S.C. § 455.

8. **Transfer**. A civil action not founded solely on diversity of citizenship is properly brought in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The court may transfer a case "[f]or the convenience of parties and witnesses, in the interest of justice, . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Court may raise venue and issue a Section 1404(a) transfer order *sua sponte*. *See e.g.*, *Amica Mut. Ins. Co. v. Fogel*, 656 F.3d 167 (3d Cir. 2011).

9. It is evident that none of the events or omissions giving rise to Plaintiff's claims occurred in Delaware. Clearly, they occurred in Tennessee where Plaintiff resides and where Case ID 1831787 commenced in the General Sessions Court of Shelby County, Tennessee, and where an attorney allegedly made an oral agreement

with Plaintiff. The Court considers the allegations in the Complaint and finds the interests of justice favor transferring the action to the United States District Court for the Western District of Tennessee, Memphis Division, where Plaintiff resides where based upon the allegations it appears all the events took place.

10. Accordingly, the Clerk of Court will be directed to transfer this action to the United States District Court for the Western District of Tennessee, Memphis Division.

11. **Conclusion**. For the above reasons, the Court will: (1) deny the motion for disqualification and recusal pursuant to 28 U.S.C. §§ 455 and 144 (D.I. 7); and (2) direct the Clerk of Court to transfer action to the United States District Court for the Western District of Tennessee, Memphis Division. A separate order shall issue.

/s/ Richard G. Andrews
UNITED STATES DISTRICT JUDGE

Dated: April 24, 2020
Wilmington, Delaware